UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY J. BRODZKI,

        Plaintiff,

v.

STATION CASINOS, INC.,

        Defendant.

2:11-cv-01851-PMP -VCF

**O R D E R**

    Before the court are plaintiff Brodzki's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

    In plaintiff Brodzki's application (#1), he asserts that he is unable to afford the cost of litigation because he has zero monthly income and a zero balance in his account. Plaintiff also has a substantial amount of debt, and is unable to pay his $300 rent and borrows money from relatives to do so. (#1). Thus, the court finds that the plaintiff is unable to prepay the filing fee. The motion/application (#1) is granted.

    Plaintiff attached his complaint to the application (#1-1), wherein he asserts claims for assault, battery, slander, defamation, and violations of his First and Fourth Amendments and section 1842. (#1-1). Plaintiff's complaint, however, is not on the template provided by the court's website[1], and is instead in the form of a letter to the presiding judge. *Id.* The extent of the factual allegations are as follows: "While living at 2060 rancho lake drive, u-201 in Las Vegas, I was assaulted and battered every time I would visit the Texas station casino in Las Vegas." *Id.*

    Pursuant to 1915(e)(2)(B)(ii) governing proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which

---

[1] Plaintiff shall visit this court's website at www.nvd.uscourts.gov and click on "Pro Se Assistance Packet" for the court's instructions on how to properly file a *pro se* complaint.

relief may be granted..." 28 U.S.C. 1915(e)(2)(B)(ii). To survive, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Here, plaintiff has only alleged that he was battered and assaulted every time he went to the Texas Station Casino. (#1-1). However, he does not provide any factual allegations supporting this claim or his claims for defamation, slander, or violations of the First and Fourteenth Amendments and section 1842. *Id.* Absent "sufficient factual" allegations, his claims cannot survive. *Ashcroft*, 129 S.Ct. 1937. As plaintiff is proceeding *pro se,* his claims are dismissed without prejudice, with leave to amend. *Haines*, 404 U.S. 519, 520; See *Cato*, 70 F.3d 1103, 1106. Plaintiff shall file an amended complaint within thirty (30) days from the entry of this order. The complaint shall be on the template provided by the court, and shall contain sufficient factual allegations supporting his claims for assault, battery, defamation, slander, and violations of the First and Fourth Amendments and section 1842. Failure to file an amended complaint within thirty (30) days shall result in the dismissal of plaintiff's complaint with prejudice.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Brodzki's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS THEREFORE ORDERED that the plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that plaintiff must file an amended complaint in accordance with the provisions set forth in this order by December 18, 2011.  Failure to do so will result in the dismissal of the complaint with prejudice.

DATED this 18th day of November, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3